Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON SMITH, an individual and as Trustee of the ALFRED JESSE SMITH TRUST,<br><br>Plaintiff,<br><br>    v.<br><br>LORETTA CARRASCO, an individual and doing business as "Brenton Wood Productions"; and DOES 1 – 10 inclusive,<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR:**<br><br>1. Federal Unfair Competition, 15 U.S.C. § 1125 et seq.<br>2. Common Law Trademark Infringement;<br>3. Violations of Statutory Right of Publicity (Cal. Civ. Code § 3344.1); and,<br>4. Violations of Common Law Right of Publicity<br><br>**JURY TRIAL DEMANDED** |

1

**COMPLAINT**

Plaintiff BRANDON SMITH, as an individual and Trustee of the ALFRED JESSE SMITH TRUST, by and through his undersigned attorneys, complains and alleges against Defendants as follows:

## JURISDICTION AND VENUE

1.      This action arises under 15 U.S.C. §1125 of the Lanham Act.

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).  The state law claims arise from the same common nucleus of operative facts and transactions such that Plaintiff would ordinarily be expected to try them all in a single proceeding.  Accordingly, this Court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      The Court has personal jurisdiction over Defendants and each of them because Defendants are residents of this judicial district, have purposefully directed their unlawful conduct to this judicial district, and have conducted substantial business in this judicial district.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(c) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## THE PARTIES

5.      Plaintiff is an individual residing in Los Angeles, California.

6.      Upon information and belief, Defendant Loretta Carrasco, is an individual residing at 5055 Citadel Ave, San Bernardino, California 92407, and is doing business as "Brenton Wood Productions."

7.      Upon information and belief, Defendants DOES 1-10, inclusive, are other parties not yet identified who have infringed Plaintiffs' trademarks, engaged in unfair competition, or engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint

1    to show their true names and capacities when same have been ascertained.

2    8.    Upon information and belief, at all times relevant hereto each of the

3    Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego,

4    and/or employee of the remaining Defendants and was at all times acting within

5    the scope of such agency, affiliation, alter-ego relationship and/or employment;

6    and actively participated in or subsequently ratified and adopted, or both, each and

7    all of the acts or conduct alleged, with full knowledge of all the facts and

8    circumstances, including, but not limited to, full knowledge of each and every

9    violation of Plaintiff's rights and the damages to Plaintiff proximately caused

10    thereby.

11    **BRENTON WOOD AND DEFENDANTS' CONDUCT**

12    9.    Alfred Jesse Smith, known professionally as Brenton Wood, was an

13    American singer, songwriter, producer, and record label owner who rose to

14    prominence in 1967, with three hit songs on the *Billboard* Hot 100 that year alone.

15    He released his last studio album in 2009 but continued to tour well into his 80s

16    with his farewell tour, *Catch You on the Rebound: The Last Tour,* taking place in

17    2024.

18    10.    Plaintiff is the successor and owner of all rights to Brenton Wood's

19    intellectual property, including the Mark BRENTON WOOD, and his name, voice,

20    signature, photograph, and likeness.

21    11.    Plaintiff continues to sell authorized BRENTON WOOD merchandise

22    and licenses use of the Mark and Brenton Wood's likeness on a case-by-case basis.

23    12.    In or about February of 2025, Plaintiff learned that Defendant

24    Carrasco applied for registration of the trademark BRENTON WOOD

25    PRODUCTIONS with the U.S.P.T.O. under Serial No. 98914086 (the "Infringing

26    Mark").

27    13.    Defendant Carrasco seeks to register the Infringing Mark in

28    International Class 041, covering "Digital video audio and multimedia publishing

3

**COMPLAINT**

services; Entertainment services in the nature of a music group; Multimedia entertainment services in the nature of recording; Production, and post production services in the field of music video and film; Production of musical sound recording."

14.    On information and belief, Defendant Carrasco is the owner and operator of the website: https://brentonwoodproductions.org/.[1]

15.    Brenton Wood Productions purports to be "a full-service tribute and cultural-preservation organization dedicated to celebrating the life and music of Brenton Wood (born Alfred Jesse Brunson)." *See* Exhibit A.

16.    It further represents that since its founding it has "[c]reated unforgettable tribute concerts featuring top soul and R&B performers backed by authentic 1960s arrangements[;] [c]urated custom event design, sound, and lighting to evoke the electric energy of Wood's heyday[;] and [p]artnered with arts foundations and nonprofits to mentor at-risk youth through music workshops, inspiring the next generation of artists." *See* Exhibit A.

17.    On information and belief, Brenton Wood Productions held a tribute event with La Familia, a Colorado based music promoter, on September 27, 2025 in Lakewood, CO. *See* Exhibit B.

18.    Brenton Wood Productions provides "Upcoming Tribute Events" on its website with a concert scheduled on November 8, 2025 in New Orleans, LA. *See* Exhibit A.

19.    In addition to these services, Brenton Wood Productions advertises that it offers "Official Merchandise" with renderings of clothing bearing the Infringing Mark. *See* Exhibit C.

20.    It represents that "[a]ll proceeds [from merchandise sales] support tribute events and the memorial statue project." *See* Exhibit C.

---

[1] Defendant Carrasco also identified the website, www.brentonwood.org, in Application Serial No. 98914086; however, it is currently inactive.

21.    Brenton Wood Productions is purportedly "raising funds to commission and install a life-size bronze statue in Brenton [Wood]'s honor at his beloved San Pedro waterfront park," and plans to have "an unveiling ceremony with live performances." *See* Exhibit D.

22.    In addition to using the Infringing Mark, Brenton Wood Productions uses the Mark and Brenton Wood's likeness in promoting and marketing its services and goods. *See* Exhibits A-E.

23.    Plaintiff did not authorize the above-alleged conduct by Defendants, and Defendants' advertisement and marketing of its goods using the Mark, Infringing Mark, and Brenton Wood's likeness violates Plaintiff's rights in the Mark and to Brenton Wood's publicity.

24.    Defendants' use of the Mark, Infringing Mark, and Brenton Wood's likeness has and will cause consumer confusion as to a false association, sponsorship, or endorsement by Plaintiff and further cause harm to Plaintiff's business reputation and loss of goodwill in the Brenton Wood Mark.

25.    On or about March 14, 2025, Plaintiff notified Defendant Carrasco of her infringing conduct via email and USPS Certified Mail. Plaintiff contacted Defendant several times thereafter without receiving a response.

## FIRST CLAIM FOR RELIEF

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125 – Against All Defendants, And Each)**

26.    Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

27.    As a result of nearly 50 years of advertising, promotion, and rendering services under the Brenton Wood Mark, it is widely recognized by consumers, immediately identifying Brenton Wood and his successor Plaintiff as the exclusive

**COMPLAINT**

source, licensor, or endorser of the services and products to which the Mark is affixed or displayed, and signifying goodwill of incalculable value.

28.    Defendants currently offer its entertainment services and "official" merchandise using the Brenton Wood Mark and/or a confusingly similar mark and incorporate Brenton Wood's name and image into their advertisements of their products and business.

29.    Defendants' use of the Brenton Wood Mark and/or a confusingly similar mark, his image, and other designations and indicia is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, association or affiliation of Defendants' products, and is intended, and is likely to cause such parties to believe in error that Defendants' services and products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff, and misrepresents the nature, characteristics, qualities, of their goods, services, and commercial activities, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30.    Defendants' aforesaid unauthorized use of the Brenton Wood Mark and/or a confusingly similar mark, and his image falsely suggest that they are associated with Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31.    Defendants' aforesaid unauthorized use of the Brenton Wood Mark and/or a confusingly similar mark and his image throughout their marketing causes consumers to think that Defendants are affiliated with or sponsored by Plaintiff, or vice versa, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.    Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

33.     Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

34.     Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.  Unless Defendants are permanently enjoined from their unlawful use of the Mark and/or a confusingly similar mark and Brenton Wood's likeness, Plaintiff will suffer irreparable harm.

## SECOND CLAIM FOR RELIEF

**(Common Law Trademark Infringement - Against All Defendants, and Each)**

35.     Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

36.     Plaintiff owns all right, title, and interest in and to the distinctive Brenton Wood Mark, including all common law rights.

37.     The aforesaid acts of Defendants constitute trademark infringement in violation of the common law of the State of California.

38.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

39.     Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

40.     Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.  Unless Defendants are permanently enjoined from their unlawful use of the Brenton Wood Mark, Plaintiff will suffer irreparable harm.

## THIRD CLAIM FOR RELIEF

**(Violations of Statutory Right of Publicity California Civil Code Section 3344.1– Against All Defendants, and Each)**

**COMPLAINT**

41.     Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

42.     Defendants' used Brenton Wood's name, photograph, and likeness without Plaintiff's consent for purposes of advertising, selling, and soliciting purchases of its products, merchandise, goods in violation of California Civil Code § 3344.1.

43.     Defendants' use of Brenton Wood's name, photograph, and likeness is likely to confuse, mislead, or deceive consumers as to the sponsorship, endorsement, association or affiliation of Defendants' products, and is intended, and is likely to cause such parties to believe in error that Defendants' products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff in violation of California Civil Code § 3344.1.

44.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

45.     Upon information and belief, Defendants intend to continue their acts unless restrained by this Court.

46.     Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.  Unless Defendants are permanently enjoined from their unlawful use of Brenton Wood's likeness, Plaintiff will suffer irreparable harm.

**<u>FOURTH CLAIM FOR RELIEF</u>**

**(Violations of Common Law Right of Publicity – Against All Defendants, and Each)**

**COMPLAINT**

47.     Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

48.     Defendants' use of Brenton Wood's name, photograph, and likeness without Plaintiff's consent is likely to confuse, mislead, or deceive consumers as to the sponsorship, endorsement, association or affiliation of Defendants' products, and is intended, and is likely to cause such parties to believe in error that Defendants' products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff, constituting a violation of the Plaintiff's common law rights of publicity.

49.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

50.     Upon information and belief, Defendants intend to continue their acts unless restrained by this Court.

51.     Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.  Unless Defendants are permanently enjoined from their unlawful use of Brenton Wood's likeness, Plaintiff will suffer irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.     Entering Judgment for Plaintiff on each of their claims;

2.     For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

**COMPLAINT**

3.      Awarding Plaintiff such damages as he has sustained or will sustain as a result of Defendants', and each, acts of trademark infringement and unfair competition pursuant to 15 U.S.C. § 1117, including statutory damages.

4.      An order directing that Defendants, and each, account to and pay over to Plaintiff all profits realized by their wrongful acts in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117;

5.      An award of actual damages sustained by Plaintiff;

6.      That Plaintiff be awarded its attorneys' fees as available under 15 U.S.C. § 1117;

7.      That Plaintiff be awarded pre-judgment interest as allowed by law;

8.      That Plaintiff be awarded the costs of this action;

9.      That Plaintiff be awarded punitive damages in an amount sufficient to deter and punish Defendants, and each, on account of their willful violation of Federal, California, and common law;

10.     Awarding Plaintiff such additional and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 7, 2025          By:          */s/ Stephen M. Doniger*
                                              Stephen M. Doniger, Esq.
                                              Scott Alan Burroughs, Esq.
                                              Kelsey M. Schultz, Esq.
                                              DONIGER / BURROUGHS
                                              Attorneys for Plaintiff